**DUANE SMELSER ROOFING COMPANY, Petitioner,**

v.

**Ray MARSHALL, Secretary of Labor,**

and

**Occupational Safety and Health Review Commission, Respondent.**

No. 77–3105.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1980.

Decided March 24, 1980.

Samuel W. Barr, Detroit, Mich., for petitioner.

William S. McLaughlin, Executive Secretary, Occupational Safety and Health Review Com'n, Washington, D. C., Herman Grant, Regional Sol., Chicago, Ill., Alfred G. Albert, Benjamin W. Mintz, Michael H. Levin, William G. Staton, Dept. of Labor, Washington, D. C., for respondent.

Before KEITH, KENNEDY and MARTIN, Circuit Judges.

PER CURIAM.

Petitioner, Duane Smelser Roofing Company, Inc., appeals from a decision of the Occupational Safety and Health Review Commission, citing it specifically for having no barrier around holes in the workplace and assessing a fine of $55.00. Petitioner was not cited for any violation of a general duty in addition to the specific violation. Smelser's workplace was inspected August 21, 1973, following the death on July 30, 1973, of an employee who fell through a hole in the roof of General Motors' Ypsilanti plant. Smelser had been hired to reroof the entire plant. This job required the removal of nearly 200 boxes which were constructed over the years of wood or metal and placed over unused pipes or other holes. As part of the process of reroofing Smelser employees had first to remove parts of the roof mechanically, then remove the boxes to permit cleaning by hand of the areas directly adjacent to and under the boxes, and finally clean and prepare each area before being able to lay that portion of the new roof. The hearing examiner dismissed the case on the ground that the Secretary had alleged a violation on August 21, 1973, but had introduced proof of conditions existing only on July 30, 1973. He denied a motion to amend reasoning that the date was a basic factual allegation which could not be changed without prejudice to Smelser. He also held the amendment to be time barred by the six months statute of limitation.

The Commissioners reversed on the grounds that the employer had consented to the amendment by submitting evidence on work conditions on the date of death and that there was no evidence of resulting prejudice. The amendment was allowed to relate back pursuant to F.R.Civ.P. 15(c). The Commissioners then considered the substantive question of the violation and held that a barrier was required by OSHA and the regulations promulgated thereunder.

■ It is the opinion of this Court upon a review of the record that issues not raised by the pleadings were tried by implicit consent. The Court further finds no evidence of prejudice to the petitioner in the record. F.R.Civ.P. 15(b). It is also the opinion of the Court that the amendment should relate back to the date of the original pleading, thus having been asserted within the time period permitted by law for commencing an action. F.R.Civ.P. 15(c).

■ This case, however, is remanded to the Commission for further proceedings, because the conclusion that a violation had occurred was made without observance of the procedure required by law. 5 U.S.C. § 706(2)(D). It is required that all agency decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A). Although the Commission notes that the hearing examiner made no findings and that it may itself render findings of fact, it fails to do so but states its holding in conclusory terms. The Commission is directed to make findings on

the procedures in effect and the activities of the workers at the time the decedent fell. The Commission, in making findings on the activities of workers present at the time, should determine whether the hole was left open longer than necessary to perform the work and whether the hole was left unattended. The findings should include a determination of the meaning of "around the hole" which appears to have been used ambiguously to mean both the general area surrounding the hole but not near the hole and also the area adjacent to and under the box. The meaning of "open" should also be determined, that is, whether it means all of the box removed or if it includes a lesser portion. It should make a finding on whether the required barricade would provide the necessary protection, *cf.* 29 C.F.R. § 1926.201(a)(1). In order to make these findings and any others which the Commissioners determine to be necessary to its ultimate conclusion, the Commission may, in its discretion, reopen the record.

For the reasons stated above, the Commission is reversed in part and affirmed in part, and the case is remanded for further proceedings consistent with this opinion. Each party is to bear its own costs.